## PALMER ET AL. *v.* EL PUEBLO DE PUERTO RICO.

APELACIÓN procedente de la Corte de Distrito de San Juan.

No. 40.—Resuelto en marzo 30, 1904.

COMPETENCIA EN ASUNTOS CIVILES—INCOMPETENCIA POR RAZÓN DE LA MATERIA.— Aunque las cuestiones de competencia no pueden promoverse de oficio en los asuntos civiles, si el juez se considerare incompetente por razón de la materia, podrá abstenerse de conocer, previa audiencia del Fiscal y previniendo a las partes que usen de su derecho ante quien corresponda.

ID.—DISPOSICIONES DE CARÁCTER LEGISLATIVO.—Los daños y perjuicios que se supongan irrogados por disposiciones de carácter legislativo, no pueden ser materia de reclamación ante los tribunales de justicia.

LEYES DE LA LEGISLATURA INSULAR—NULIDAD DE LAS MISMAS.—Al poder Legislativo y no al judicial, corresponde reparar los perjuicios que sus disposiciones puedan ocasionar, y en todo caso, del Congreso de los Estados Unidos puede solicitarse la declaración de nulidad de cualquier ley de la Legislatura Insular, que se estime lesiva de derechos privados.(ˣ)

### EXPOSICIÓN DEL CASO.

En el juicio promovido ante el Tribunal de Distrito de San Juan por el Letrado Don Santiago B. Palmer, en representación de varios notarios de esta Isla, contra El Pueblo de Puerto Rico, sobre indemnización de perjuicios; juicio pendiente ante nos a virtud de recurso de apelación inter-

puesto por la parte demandante contra auto. de dicho tribunal declarándose incompetente, por razón de la materia, para conocer de la demanda, habiendo llevado la representación y defensa de la parte apelante ante esta Corte Suprema, sucesivamente los Letardos Don Santiago B. Palmer y Don Juan Hernández López, e impugnando aquel recurso el Ministerio Fiscal.

*Resultando:* que en cinco de marzo del año próximo pasado, el Letrado Don Santiago B. Palmer, en representación de diez y siete notarios, como propietarios de oficios enajenados de la Corona de España, presentó demanda ante el Tribunal de Distrito de San Juan contra el Hon. Attorney General, en representación de El Pueblo de Puerto Rico, alegando que por leyes de la Asamblea Legislativa de treinta y uno de enero de mil novecientos uno y diez de febrero de mil novecientos dos, relativas al ejercicio del notariado, habían sido lesionados gravemente sus derechos, y suplicando, en su consecuencia, fuera condenado El Pueblo de Puerto Rico a pagarles por vía de indemnización de perjuicios, la suma de seiscientos diez mil cuatrocientos ochenta y ocho dollars en la proporción que dichos notarios expresan.

*Resultando:* que oído el Hon. Attorney General, estimó que tratándose de actos realizados por la Asamblea Legislativa de Puerto Rico, en el pleno ejercicio de sus poderes, es indudable que a esa misma Asamblea deben dirigirse los demandantes para que ella, con su propia autoridad, resuelva lo que conceptúe pertinente, siendo en su consecuencia incompetente por razón de la materia la Corte de Distrito de San Juan. (*)

*Resultando:* que el referido tribunal por auto de siete de abril siguiente, se declaró incompetente por razón de la materia para conocer de la demanda, absteniéndose de su conocimiento, y contra ese auto interpuso la representación de los demandantes recurso de apelación que les fué admitido, habiendo sido elevados a esta Corte Suprema los autos, previa

citación y emplazamiento de las partes, las que evacuaron oportunamente el trámite de instrucción, después de lo cual se señaló día para la vista, en cuyo acto informaron la representación de los notarios apelantes y el Ministerio Fiscal, cuanto estimaron conducente.

Abogados de los apelantes: *Sres. Palmer y Hernández López.*

Abogado del apelado: *Sr. del Toro, Fiscal.*

EL JUEZ ASOCIADO SR. HERNÁNDEZ, después de exponer los hechos anteriores, emitió la opinión del tribunal.

*Considerando:* que según el artículo 74 de la Ley de Enjuiciamiento Civil, en ningún caso se promoverán de oficio las cuestiones de competencia en los asuntos civiles; pero el juez que se crea incompetente por razón de la materia, podrá abstenerse de conocer, oído el Ministerio Fiscal, previniendo a las partes que usen de su derecho ante quien corresponda.

*Considerando:* que el juicio promovido por los notarios demandantes se encamina a obtener una declaratoria de perjuicios que se suponen irrogados por disposiciones emanadas del Poder Legislativo, y que esa materia no cabe dentro de la jurisdicción de los tribunales de justicia, llámese ésta contenciosa ordinaria, o contenciosa administrativa, pues una y otra dimanan de la ley, y no hay ley alguna que otorgue semejante jurisdicción a dichos tribunales.

*Considerando:* que si los notarios recurrentes entienden que las leyes dictadas por la Asamblea Legislativa para el ejercicio del notariado son deficientes por lastimar derechos que suponen adquiridos al amparo de la legislación antes vigente, y no habérseles acordado la correspondiente indemnización,(*) la autoridad judicial no es la llamada a suplir tal deficiencia, sino el mismo Poder Legislativo que gira en esfera completamente independiente de la del Poder Judicial.

*Considerando:* que por la sección 31 de la Ley Orgánica de 12 de abril de 1900, se reserva el Congreso de los Estados Unidos ·la facultad de anular cualquier ley emanada de la

Asamblea Legislativa de esta Isla, y que a dicho Congreso han podido dirigirse los peticionarios, para obtener, si fuere procedente, la nulidad de las leyes que estiman lesivas de sus derechos y generadoras de los perjuicios que hoy vienen reclamando por la vía judicial.

*Se confirma* el auto de siete de abril del año próximo pasado, por el que el tribunal de San Juan se declaró incompetente por razón de la materia para conocer del juicio de que se trata; y devuélvanse las actuaciones al referido tribunal con la certificación correspondiente.

Jueces concurrentes: Sres. Presidente Quiñones y Asociados Figueras, Sulzbacher y MacLeary.